WENTWORTH, Judge,
dissenting.
I would find no reversible error because: (1) TPD benefits through December 2, 1981 were “awarded” only in terms that established eligibility contingent on wage deficiency under the statutory formula, about which the parties have no apparent dispute except for the week’s benefits affirmed by the court. (2) The evidence as to benefits after December 2 covered only a two-week period between the date claimant was fired *937 and the date of the hearing, during which claimant testified, without elaboration or contradiction, that he was “looking for work” while still symptomatic before MMI. The deputy could in my opinion conclude in this context that the substantiality of work search evidence was not fatally deficient for purposes of TPD wage loss. The application of a TTD misnomer in the order is inconsequential, and the direction “to voluntarily continue to pay such benefits” during such disability merely enjoins compliance with law, and plainly does not predetermine any issue which may arise as to continued eligibility, including the good faith of work search for any future period.